STATE OF NORTH CAROLINA v. MACON GIBSON

No. 7612SC772

(Filed 16 March 1977)

1. Criminal Law §§ 21, 84— pretrial motion to suppress evidence — constitutionality of statute

G.S. 15A-977 providing that a motion to suppress evidence in superior court made before trial must be in writing, state the grounds upon which it is made and be accompanied by an affidavit containing facts supporting the motion is not unconstitutional in that requiring the affidavit amounts to compelling a defendant to be a witness against himself; nor does the statute violate the Code of Professional Responsibility, Canon 4, by requiring an attorney to reveal information told to him in confidence by his client; nor does the statute conflict with G.S. 8-54 which says that a defendant is a competent witness in a criminal trial only if he takes the stand at his own request; nor does the statute violate due process by shifting the burden of proof to the defendant.

2. Searches and Seizures § 3— search warrant — supporting affidavit — showing of probable cause

Information contained in a police officer's affidavit supporting his application for a search warrant was sufficient to establish probable cause where the information consisted of (1) an identification of defendant, his residence and the contraband in his possession at his residence; (2) an explanation of the way in which the informant learned these facts; and (3) a declaration that on a recent previous occasion the informant gave the affiant information which proved to be true.

APPEAL by defendant from *Herring, Judge.* Judgment entered 4 May 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 8 March 1977.

State v. Gibson

On 24 September 1974, law officers searched defendant's home pursuant to a search warrant, and there they discovered heroin. Defendant moved to suppress this evidence. A *voir dire* hearing was held and evidence taken; defendant's motion was denied. From a conviction of possession of heroin defendant appealed.

*Attorney General Edmisten, by Associate Attorney Patricia H. Wagner, for the State.*

*Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A., by E. Lynn Johnson, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant challenges G.S. 15A-977 on four grounds. The statute provides, in part:

> "(a) A motion to suppress evidence in superior court made before trial must be in writing [and] state the grounds upon which it is made [and] be accompanied by an affidavit containing facts supporting the motion. The affidavit may be based on personal knowledge, or upon information and belief, if the source of the information and the basis of the belief are stated . . . . "

The statute requires an affidavit, and defendant objects to this. He says that requiring the affidavit amounts to compelling him to be a witness against himself in a criminal case in violation of the Fifth Amendment of the United States Constitution and Article I, Section 23 of the North Carolina State Constitution. Defendant argues that the statute forces him to make a delicate choice between disclosing information which might later incriminate him, and forfeiting his opportunity to suppress the evidence or, at least, receive a hearing on his motion.

Defendant cites no cases in support of his argument. His position is untenable. Defendant is not compelled to file his own affidavit or any affidavit at all. He may sometimes face a hard choice between filing the affidavit and revealing some information or standing silent and revealing nothing, but he can stand silent if he so desires. The fact that harm may follow from filing the affidavit is no different from the fact that harm may follow when a witness gives up his right to remain silent and takes the witness stand in his own defense.

Defendant's next two objections to G.S. 15A-977 are also unfounded. The statute does not violate the Code of Professional Responsibility, Canon 4; it does not require an attorney to reveal information told to him in confidence by his client. The decision to file the affidavit and attempt to suppress the evidence remains with the defendant. If he consents to disclosure, Canon 4 is not violated. Nor does G.S. 15A-977 conflict with G.S. 8-54 which says that a defendant is a competent witness in a criminal trial only if he takes the stand "at his own request." For the reason already given, G.S. 15A-977 is not contrary to G.S. 8-54.

Finally, defendant argues that G.S. 15A-977 violates due process by shifting the burden of proof to the defendant. The burden of proof is not the same as the burden of going forward with evidence. Thus, our Supreme Court held in the wake of *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), that a true evidentiary presumption, shifting to the defendant the burden of going forward with evidence, did not also shift the burden of proof and was, therefore, constitutional. *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975). The statute in question, G.S. 15A-977, does no more than shift to the defendant the burden of going forward with evidence when the State's warrants appear to be regular. The State still has the burden of proving that the evidence was lawfully obtained. Accordingly, G.S. 15A-977 is constitutional.

[2] Defendant, in his next assignment of error, argues that the information which was contained in the police officer's affidavit supporting his application for a search warrant was insufficient to establish probable cause. Probable cause to search means a reasonable ground to believe that a search of the place named will uncover the objects sought and that the objects sought will aid in the apprehension or conviction of an offender. *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972); *State v. English,* 27 N.C. App. 545, 219 S.E. 2d 549 (1975). If an anonymous police informant is not shown to be reliable, his statements do not provide reasonable grounds to believe that a search would be warranted. In other words, there is no probable cause if the informant is not demonstrably reliable. *Spinelli v. U. S.,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1968); *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

State v. Gibson

The affidavit in question says, in part:

"On Monday, September 23, 1974, during the late P.M. hours [the affiant, a police officer] received true and reliable information from a true and reliable confidential source of information concerning the narcotics traffic in Cumberland County, North Carolina. The true and reliable confidential source of information is knowledgeable about the narcotics traffic in Cumberland County, North Carolina and has supplied the affiant with true and reliable information within the past five (5) days concerning the narcotics traffic and trafficers (sic) of narcotics in Cumberland County, North Carolina. . . . The true and reliable confidential source of information stated to the affiant that he was at the residence at 169 Blueberry Place, Fayetteville, North Carolina, during the P.M. hours of Monday, September 23, 1974, and that a negro male known to the true and reliable confidential source of information as Macon Gibson showed to the true and reliable confidential source of information a quantity of brown powder which Macon Gibson stated was heroin and that this heroin was for sale."

This affidavit specifically identifies the defendant, his residence, and the contraband in his possession at his residence. It explains the way in which the informant learned· these facts, and it states that on a recent previous occasion the informant gave the affiant information which proved to be true. This is sufficient to meet the so-called *Aguilar* standard. *State v. Ellington,* 284 N.C. 198, 200 S.E. 2d 177 (1973) ; *State v. Caldwell,* 25 N.C. App. 269, 212 S.E. 2d 669 (1975) ; *State v. Brown,* 20 N.C. App. 413, 201 S.E. 2d 527 (1974), *app. dismissed,* 285 N.C. 87, 204 S.E. 2d 21 (1974).

All of defendant's assignments of error have been considered. There is found

No error.

Chief Judge BROCK and Judge PARKER concur.