STATE OF NORTH CAROLINA v. DONNA FAYE WINDHAM

No. 8120SC900

(Filed 1 June 1982)

**Searches and Seizures § 24— affidavit for search warrant—information from informant**

An SBI agent's affidavit was sufficient to support the issuance of a warrant to search defendant's residence for controlled substances where it alleged that a reliable informant had told him that defendant and a white male lived at the address given in the warrant, that on numerous occasions he had purchased marijuana and other drugs at the residence from defendant, that he had contact with defendant in the past twenty-four hours and that defendant "does in fact have at this time marijuana and other drugs at her house," and where it also alleged that the informant had provided information that led to arrest and conviction on at least ten previous occasions.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 24 April 1981 in Superior Court, RICHMOND County. Heard in the Court of Appeals 3 February 1982.

Defendant was arrested and indicted for possession with intent to sell LSD and possession with intent to sell marijuana, in violation of G.S. 90-95(a)(1). Officers of the Rockingham Police Department and SBI, pursuant to a warrant, had searched defendant's premises in Rockingham and seized the controlled substances. Defendant moved on 23 April 1981 to suppress evidence obtained as a result of the search. The motion was denied. Defendant entered a plea of guilty and subsequently gave notice of appeal from an order of imprisonment.

*Attorney General Edmisten, by Associate Attorney James W. Lea, III, for the State.*

*Leath, Bynum, Kitchin and Neal, by Henry L. Kitchin, for defendant appellant.*

MORRIS, Chief Judge.

Defendant's sole contention is that the search warrant pursuant to which the contraband was seized was invalid. She argues, therefore, that the court erred in denying her motion to suppress and in entering the judgment against her. Both defendant and the state agree that the legality of the warrant depends

upon whether the affidavit supporting the search warrant was sufficient for the magistrate to find probable cause to search.

Special Agent Kenneth Ray Snead of the State Bureau of Investigation, applying for the warrant, swore to the following facts:

> A reliable confidential informant stated on 1-14-81 that Donna Windham and a white male live in the house described in this Warrant. The reliable informant further stated that Donna Windham and the white male does in fact possess and sell marihuana and other drugs and have been doing so for several months. Informant stated that on numerous occasions he has purchased, bought, marihuana and other drugs at the house on Roberdel Road from Donna Windham. The reliable informant further stated to this applicant that he had contact with Donna Windham in the past twenty-four hours and she does in fact have at this time marihuana and other drugs at her house. The informant said that Windham normally keeps the drugs in her kitchen or bedroom The informant has been proven reliable in the past and has provided information to applicant that has resulted in arrest and conviction of persons selling drugs. The informant has supplied this information on at least ten occasions that led to arrests and convictions.

An affidavit is generally deemed sufficient "if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence upon the described premises of the objects sought and that they will aid in the apprehension or conviction of the offender." *State v. Vestal,* 278 N.C. 561, 576, 180 S.E. 2d 755, 765 (1971), *cert. denied* 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157 (1973). Magistrate O. Brown Smith found probable cause and authorized a search on 15 January 1981.

A voir dire hearing was conducted at which Agent Snead testified that he had prepared the affidavit and warrant before submitting them to the magistrate. He said that the magistrate acted purely upon the information set forth in the application. Agent Snead also revealed that his informant had provided information resulting in numerous arrests in the past but that his information had proved to be incorrect on at least one occasion. The

court found that the application for the warrant did, on its face, provide a sufficient basis for the magistrate to find probable cause.

Because the information supplied in the supporting affidavit was obtained from a confidential informant, it was necessary that the magistrate be apprised of some of the underlying circumstances from which the informant concluded that the drugs were where he claimed they were, and from which Agent Snead concluded that the informant was credible or his information reliable. *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976). We hold that the supporting affidavit contains enough facts to meet the requirements of *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), as propounded in *Hayes*.

The following non-conclusory information was included in the affidavit:

(1) Defendant and a white male lived at the address given in the warrant.

(2) The informant made several purchases at the address from defendant.

(3) The informant had been in contact with defendant within the twenty-four hours prior to the application, learning that she had drugs in the residence.

We hold these facts sufficient to reveal the informant's basis of knowledge that contraband was being possessed on the premises to be searched. Agent Snead's assertion that his informant had provided information that led to arrest and conviction on at least ten previous occasions is also satisfactory to show veracity. See *State v. Hayes*, supra. The magistrate is required to determine the presence or absence of probable cause upon the information before him. We attach no significance to the agent's statement that his informant had been less than reliable at least once before, as the affidavit on its face supports our finding of reliability.

The gravamen of defendant's appeal is that the information contained in the affidavit was not specific enough. Yet information pertaining to the identity of defendant, her residence, and

the contraband in her possession all appear in the affidavit. The manner in which the informant learned the information communicated to Agent Snead is directly or inferentially apparent, as well. This case parallels *State v. Gibson*, 32 N.C. App. 584, 233 S.E. 2d 84 (1977), in which an affidavit adducing the same sort of information was found to be constitutionally sound. Defendant asserts that the application is conclusory. We disagree and find the facts contained in the application sufficient to persuade a reasonable man that probable cause existed. Perhaps the averment that "[t]he reliable informant . . . stated . . . that he had contact with Donna Windham in the past twenty-four hours and she does in fact have at this time marihuana and other drugs at her house" could have been more skillfully worded to better show that the informant learned of the presence of the drugs from defendant. However, because applications are normally submitted by police officers who do not have legal training, the language is to be construed in a common-sensical, non-technical and realistic way. *United States v. Ventresca*, 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965).

Nor did the twenty-four hour span between the informant's contact with defendant and the issuance of the warrant render the information so stale as to fail to establish probable cause. Probable cause must be based on facts gathered in close enough proximity to the time of the issuance of the warrant as to justify a finding of probable cause at that time; but whether this test is met is to be determined on the facts of each case. *Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932). "Where the affidavit recites a mere isolated violation . . ., probable cause dwindles rather quickly. . . . However, when the affidavit properly recites facts indicating activity of a protracted and continuous nature, . . . the passage of time becomes less significant." *United States v. Johnson*, 461 F. 2d 285, 287 (10th Cir. 1972). It is apparent in the case at bar that defendant had been selling drugs from her residence on a regular basis for a term of months. There was a great likelihood that the evidence sought would still be in place when the warrant issued. See *State v. Louchheim*, 296 N.C. 314, 250 S.E. 2d 630, *cert. denied* 444 U.S. 836, 62 L.Ed. 2d 47, 100 S.Ct. 71 (1979).

For the reasons enumerated above, we find that the court did not err in denying defendant's motion to suppress, or in entering its judgment.

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.