STATE OF NORTH CAROLINA v. RUDY VALLY DORSEY, JANET LEE WHITE

No. 8226SC448

(Filed 1 February 1983)

**Searches and Seizures § 19— search warrant—failure to rebut presumption of validity**

> The trial court erred in concluding that a search under a warrant based on information supplied by a police informant was illegal where defendants presented no evidence to rebut the presumption of the validity of the warrant.

APPEAL by the State of North Carolina from *Snepp, Judge.* Order entered 30 November 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 November 1982.

Defendants Dorsey and White were charged with felonious trafficking in heroin, felonious possession of heroin with intent to sell, felonious possession of cocaine with intent to sell, and felonious possession of marijuana. At the hearing on the motion to suppress, the State offered evidence which tended to show the following. On 24 June 1981, an informant told Charlotte police officer Hawks that he had seen heroin at defendant Dorsey's apartment within the past forty-eight hours. According to Hawks, the informant had been used for a year, and his information had led to a number of arrests. Hawks' application for a search warrant contained the following: "This informant stated to this applicant that he has been inside of [Dorsey's] . . . apartment . . . within the past 48 hours and has observed heroin . . . and further has observed Rudy Dorsey in possession of heroin inside of this apartment. . . ."

A search warrant was obtained and Charlotte police officers and SBI agents searched defendant's apartment and found heroin, cocaine, marijuana, two pistols, and $2,000.00. Four packages of heroin were found in defendant White's purse.

Defendant did not offer any evidence at the suppression hearing.

In his memorandum opinion and order, the trial judge found the following facts:

Officer Hawks had known the informant relied upon for some time. The informant had furnished him reliable information over a considerable period of time which led to the arrest of persons for possession of controlled substances. Each time he furnished reliable information, he was paid money by the police department. From January 1, 1981, up to June 24, 1981, the informant had received 15 payments, totalling $600.00, and, he was paid an additional $400.00 for the information given in these cases.

Sometime before June 24, 1981, Officer Hawks told the informant that he suspected that the defendant Dorsey was engaged in the sale and distribution of controlled substances, and that he would like to have some information about him.

On the morning of June 24th, the informant called Hawks and told him that he had been in Dorsey's apartment during the past 48 hours, and had observed what he believed to be heroin, based on his six years' experience with the substance. . . . [T]he evidence shows that the informant was used, as a source of information by the police on numerous occasions — some 15 in about six months — for which he was paid a total of a substantial sum of money. Officer Hawks had requested him to obtain information about Dorsey, for which, on the basis of past experience the informant certainly expected to be paid. True, the officer did not directly tell the informant to enter Dorsey's apartment in some manner, or specify how the information was to be obtained. Nevertheless, under all of these circumstances, it is crystal clear that the informant had become an instrumentality or agent of the State.

The affidavit states that the informant had been in the Dorsey apartment. If his entry was otherwise than legal under the Fourth Amendment, then the information upon which probable cause for the search warrant was based was "fruit of the poisoned tree". *Wong Sun v. United States*, 371 U.S. 471, 9 L.Ed. 2d 441.

A search of private property without proper consent is unreasonable unless it is authorized by a valid search warrant. *Camara v. Municipal Court*, 387 U.S. 523, 18 L.Ed. 2d 930 (1967). *The State has the burden to show that it was within one of the exceptions to the exclusionary rule. Bumper v. North Carolina*, 391 U.S. 543, 20 L.Ed. 2d 797. (Emphasis added.)

The trial judge concluded that "the search of defendant Dorsey's apartment on 24 June 1981, was illegal, and that all evidence seized as a result thereof must be excluded from evidence."

*Attorney General Edmisten, by Assistant Attorneys General Grayson G. Kelley and J. Michael Carpenter, for the State.*

*Theo X. Nixon, for defendant appellee, Rudy Vally Dorsey.*

*Charles V. Bell, for defendant appellee, Janet Lee White.*

VAUGHN, Chief Judge.

Although we do not concede the correctness of the judge's conclusion that the informant was an agent of the State or the legal consequence thereof if he had been, it is not necessary to reach that question in order to dispose of this appeal.

A search made pursuant to a valid search warrant is *prima facie* evidence of the reasonableness of the search within the meaning of the Fourth Amendment. *State v. Turnbull*, 16 N.C. App. 542, 192 S.E. 2d 689 (1972). A search warrant is presumed to be valid unless irregularity appears on its face. *State v. Spillars*, 280 N.C. 341, 185 S.E. 2d 881 (1972). If defendants had evidence to rebut the presumption of validity of the warrant, it was their obligation to go forward with their evidence. *State v. Gibson*, 32 N.C. App. 584, 233 S.E. 2d 84 (1977). That evidence must be presented at a hearing. G.S. 15A-977(d). Testimony at the hearing must be under oath. *Id.*

Defendants offered no testimony at the hearing. There is, therefore, not a shred of evidence to indicate that the informant obtained the information he supplied the police by any means that are offensive to the Constitution of the United States or the Constitution of the State of North Carolina.

The order allowing defendants' motion to suppress is reversed.

Reversed.

Judges WELLS and WHICHARD concur.