STATE OF NORTH CAROLINA v. GARY LEE WALKER

No. 8326SC1242

(Filed 18 September 1984)

**1. Searches and Seizures § 24— validity of warrant—credibility of informant**
There was no merit to defendant's contention that an application for a search warrant failed adequately to establish the credibility of an informant where the officer testified that he had known the informant for five months and during this time the informant had given the officer information in reference to drug dealers in the area which the officer had found to be true; the informant freely admitted to the officer that he had used marijuana in the past and was familiar with how it was packaged and sold; and the informant stated that he had been in defendant's house within the past 48 hours and had seen marijuana.

**2. Constitutional Law § 67— identity of informant—no right to disclose**
In a prosecution of defendant for possession with intent to sell a controlled substance, the trial court did not err in denying defendant's motion for disclosure of the identity of a confidential informant.

Judge EAGLES concurring.

APPEAL by defendant from *Kirby, Judge.* Order entered 4 August 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 August 1984.

Defendant was indicted and charged with two counts of possession with intent to sell a controlled substance in violation of G.S. 90-95(a)(1). Defendant moved to suppress the evidence seized on the ground that the search warrant failed to adequately establish the credibility of the informant. In his affidavit for the search warrant, the police officer stated in substance that he had received information from a reliable informant; that the defendant

had in his possession approximately three pounds of marijuana located in a house at 4501 Denver Avenue, Charlotte, North Carolina; that the informant had been in the house within the past 48 hours and had seen the marijuana; that the officer had known the informant for five months; that during this time the informant had made drug buys under the officer's supervision, and the informant had given information about drug dealers which the officer through investigation had found to be true.

At the hearing on defendant's motion to suppress, the trial court concluded that the affidavit provided probable cause for the issuance of a search warrant. Defendant appeals the denial of his motion to suppress as provided in G.S. 15A-979(b) and the denial of his motion to identify the confidential informant after having pleaded guilty to two counts of possession with intent to sell a controlled substance.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Myron C. Banks for the State.*

*Elam, Seaford, McGinnis & Stroud, by William H. Elam for defendant appellant.*

HILL, Judge.

[1] Defendant first contends the application for the search warrant failed to adequately establish the credibility of the informant, and the court erred in denying his motion to suppress. Defendant attacks the finding of probable cause in that (1) the officer's affidavit did not state that information from the informant had ever led to previous search warrants, arrests or convictions; and (2) the affiant did not personally observe the informant exit defendant's residence with marijuana.

We have no difficulty in finding that probable cause existed for issuance of the search warrant. The United States Supreme Court in *Illinois v. Gates,* --- U.S. ---, 103 S.Ct. 2317, 76 L.Ed. 2d 527, *reh'g denied,* --- U.S. ---, 104 S.Ct. 33, 77 L.Ed. 2d 1453 (1983), set forth the "totality of the circumstances analysis" standard for determining probable cause for issuance of a search warrant based on information from informants.

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circum-

stances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at ---, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548. In the recent case of *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984), our Supreme Court ratified the rule in *Gates, supra,* which established the "totality of circumstances analysis."

In the case under review, the officer testified that he had known this informant for five months and during this time the informant had made purchases of controlled substances under his direct supervision; that the informant had given the officer information in reference to drug dealers in the Charlotte area which the officer had found to be true through investigations concluded through the officer; that the informant freely admitted to the officer that he had used marijuana in the past and is familiar with how it is packaged and sold; and that the informant stated he had been in defendant's house within the past 48 hours and had seen marijuana. The "totality of the circumstances analysis" standard which mandates a "practical, common sense" determination of probable cause leads us to believe that there was sufficient evidence of the presence of the drug as the informant indicated to support issuance of the warrant.

The search of defendant's premises was made under a search warrant. A search made pursuant to a valid search warrant is prima facie evidence of the reasonableness of the search warrant within the meaning of the Fourth Amendment. *State v. Turnbull,* 16 N.C. App. 542, 192 S.E. 2d 689 (1972). A search warrant is presumed to be valid unless irregularity appears on its face. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972). If defendant had evidence to rebut the presumption of validity of the warrant, it was his obligation to go forward with his evidence. *State v. Gibson,* 32 N.C. App. 584, 233 S.E. 2d 84 (1977). Defendant's evidence is simply a denial that any male had been in his home for 48 hours prior to the search. *See State v. Dorsey,* 60 N.C. App. 595, 299 S.E. 2d 282, *disc. rev. denied,* 308 N.C. 192, 302 S.E. 2d 245

(1983). Such testimony is insufficient to rebut the presumption of validity of the search warrant.

Two recent decisions of the United States Supreme Court have greatly expanded the admissibility of evidence obtained through the use of an imperfect search warrant. In the case of *U.S. v. Leon*, 52 U.S.L.W. 5155 (U.S. July 5, 1984), the Court held that the exclusionary rule does not bar use in the prosecution's case in chief of evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant that was issued by a detached and neutral magistrate, but was ultimately found to be unsupported by probable cause. On the same day in the case of *Massachusetts v. Sheppard*, 52 U.S.L.W. 5177 (U.S. July 5, 1984), the Supreme Court held the Fourth Amendment exclusionary rule did not require exclusion of evidence seized by the police pursuant to a warrant subsequently invalidated because of technical errors on the part of the issuing judge. Although these two recent cases are factually distinguishable from the case under review, they are further authority for the need to oppose invalidating search warrants because of minor technicalities. This assignment of error is overruled.

[2] Defendant's second assignment of error arises under the same statute dealing with the suppression of evidence, but for practical purposes his assignment deals more appropriately with discovery. Defendant contends the trial judge erred in denying his motion seeking to learn the identity of the confidential informant. G.S. 15A-978(b) provides as follows:

In any proceeding on a motion to suppress evidence pursuant to this section in which the truthfulness of the testimony presented to establish probable cause is contested, and the testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the defendant is entitled to be informed of the informant's identity unless:

(1) The evidence sought to be suppressed was seized by authority of a search warrant or incident to an arrest with warrant; or

(2) There is corroboration of the informant's existence independent of the testimony in question.

The provisions of subdivisions (b)(1) and (b)(2) do not apply to situations in which disclosure of an informant's identity is required by controlling constitutional decisions.

Defendant asserts he is entitled to disclosure under *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957). The Supreme Court in that case stated that

[n]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relative factors.

*Id.* at 62, 77 S.Ct. at 628-29, 1 L.Ed. 2d at 646.

Defendant argues that disclosure of the informant's identity would be both relevant and helpful to defendant's case; that a contradiction exists in information furnished by affiant to the officer and testimony offered at the suppression hearing. Defendant's arguments miss the mark. He freely admitted to possession of marijuana and cocaine and pleaded guilty to the crime charged. His evidentiary and argumentative assertions were simply that the informant on whose information the warrant was issued had lied, had not been in defendant's residence, and had not seen any drugs there. The issue here concerns probable cause for an arrest and search with a warrant, not guilt or innocence. See *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975); see also *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62, *reh'g denied*, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed. 2d 616 (1967).

Finally, defendant proposes an in camera hearing could be granted to determine the need for disclosure. That is not a matter for this court, but must be addressed to the sound judgment of the Legislature or the Supreme Court for exercise under their rule making powers.

The judgment of the trial court is affirmed on all assignments of error.

Affirmed.

Judges BRASWELL and EAGLES concur.

Judge EAGLES concurring.

I concur in the result but would not have reached the issue of the denial of defendant's motion to compel discovery of the identity of a confidential informant.

This case involves a guilty plea by defendant. The right to appeal after a guilty plea is defined by G.S. 15A-979(b) and is carefully limited to review of "an order finally denying a motion to suppress evidence. . . ." In light of our disposition on appeal of this motion to suppress, defendant's guilty plea has rendered moot the issue of the identity of the confidential informant. Because of his guilty plea, defendant's appeal in this case should be limited to the denial of his motion to suppress.