STATE OF NORTH CAROLINA v. LEROY LOCKLEAR

No. 8612SC813

(Filed 17 March 1987)

1. Searches and Seizures §§ 24, 45— confidential informant—evidentiary hearing not required

　　In a prosecution of defendant for controlled substance violations, the trial court did not err in summarily denying defendant's motion to suppress the evidence seized pursuant to a search warrant and in denying defendant's request for an evidentiary hearing as to the good faith of an officer's affidavit in support of the warrant, since defendant's mere denial of the existence of the State's confidential informant failed to rebut the presumed validity of the search warrant. N.C.G.S. § 15A-978.

2. Searches and Seizures § 45— confidential informant—in-camera hearing with defendant not required

　　Defendant who was charged with controlled substance violations was not entitled to an in-camera hearing with the State's confidential informant, and the Court declines to adopt a rule requiring a trial judge, upon a defendant's

---

**State v. Locklear**

---

motion, to conduct an in-camera hearing with the informant when a defendant challenges the good faith of an affiant to a search warrant.

**3. Criminal Law § 34— outstanding arrest warrants against defendant—any error cured by cautionary instruction**

Any prejudicial effect of testimony as to outstanding arrest warrants against defendant on unrelated matters was cured by the trial court's cautionary instruction to the jury to disregard the testimony in their deliberations, and the court's further limiting instruction at the close of the evidence was not confusing or misleading but served to emphasize that the other arrest warrants should not be considered on the issue of defendant's guilt of the crimes charged.

**4. Narcotics § 4.7— feloniously maintaining dwelling and vehicle for selling controlled substances—instructions on misdemeanors not required**

In a prosecution for the felonies of knowingly and intentionally keeping and maintaining a dwelling house and a vehicle for keeping or selling controlled substances, evidence that the dwelling was not owned by defendant and that the vehicle was not titled in defendant's name did not require the trial court to charge the jury on the misdemeanor offenses of knowingly keeping or maintaining a dwelling house and a vehicle for keeping or selling controlled substances. N.C.G.S. § 90-108(a)(7) and (b).

**5. Narcotics § 1.3— "knowing" and "intentional" keeping of house or vehicle for selling controlled substance—no unconstitutional vagueness**

There was no merit to defendant's contention that the distinction between "knowing" and "intentional" in N.C.G.S. § 90-108 was unconstitutionally vague in that it provided insufficiently clear standards of conduct and therefore violated due process.

APPEAL by defendant from *Johnson (E. Lynn), Judge.* Judgment entered 11 March 1986 in Superior Court, HOKE County. Heard in the Court of Appeals 6 January 1987.

Defendant was charged with four counts of controlled substance violations: felonious possession with intent to sell or deliver cocaine; felonious possession with intent to sell or deliver marijuana; felonious keeping and maintaining of a dwelling house for keeping or selling controlled substances; and felonious keeping and maintaining of a vehicle for keeping or selling controlled substances. At trial defendant presented no evidence. The jury returned a verdict of guilty as to each count, and the court sentenced defendant to ten years imprisonment. Defendant appealed.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Lucien Capone, III, for the State.*

*Michael O'Foghludha for defendant-appellant.*

PARKER, Judge.

In this appeal, defendant raises six assignments of error: (i) the trial court's failure to hold an evidentiary hearing as to the truthfulness of the information used to establish probable cause for the search warrant; (ii) the trial court's failure to hold an in-camera hearing with the State's confidential informant whose information furnished, in part, probable cause for the search warrant; (iii) the trial court's denial of a motion for mistrial when the jury discovered there were warrants for defendant's arrest outstanding at the time of the search; (iv) the trial court's instruction to the jurors that they could consider for a limited purpose the outstanding warrants for defendant's arrest; (v) the trial court's failure to charge the jury on the misdemeanor offenses of knowingly keeping or maintaining a vehicle and a dwelling house for keeping or selling controlled substances; and (vi) the trial court's instruction to the jury on the felonies of intentionally keeping or maintaining a vehicle and a dwelling house for keeping or selling controlled substances on the grounds that the statute on which the charge was based is unconstitutionally vague. We will address these issues seriatim.

[1]  Defendant first argues that G.S. 15A-978 requires an evidentiary hearing on his pretrial motion to suppress evidence so that defendant can contest the search warrant used to discover that evidence. Defendant concedes in his brief to this Court that he fails to meet the threshold requirement for a constitutionally mandated evidentiary hearing as set forth in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 2d 667 (1978).

General Statute 15A-978(a) permits a defendant to challenge the validity of a search warrant by attacking the good faith of the affiant in providing information used to establish probable cause. *State v. Winfrey*, 40 N.C. App. 266, 268-269, 252 S.E. 2d 248, 249, *disc. rev. denied*, 297 N.C. 304, 254 S.E. 2d 922 (1979). The affidavit supporting the warrant in this case stated that a confidential informant told affiant C. E. Harris, a detective with the Hoke County Sheriff's Department, that informant had been in defendant's residence within the preceding 48 hours, that informant had observed a large quantity of cocaine and marijuana in defendant's possession, and that informant had seen defendant selling cocaine to at least two persons. In support of his motion to suppress evi-

dence seized pursuant to the warrant, defendant submitted an affidavit in which he stated that he did not sell cocaine to any person within the 48 hours preceding the issuance of the warrant, that no person observed him with cocaine or marijuana during that time, and that, in his belief, no confidential informant existed.

In *State v. Walker*, 70 N.C. App. 403, 320 S.E. 2d 31 (1984), a defendant similarly challenged the good faith of an affiant to the application for a search warrant. This Court concluded:

> A search warrant is presumed to be valid unless irregularity appears on its face . . . . If defendant had evidence to rebut the presumption of validity of the warrant, it was his obligation to go forward with his evidence . . . . Defendant's evidence is simply a denial that any male had been in his home for 48 hours prior to the search . . . . Such testimony is insufficient to rebut the presumption of validity of the search warrant.

*Walker*, 70 N.C. App. at 405-406, 320 S.E. 2d at 33 (citations omitted).

A motion to suppress evidence in superior court is governed by G.S. 15A-977, which requires that such a motion be "accompanied by an affidavit containing facts supporting the motion." G.S. 15A-977(a). The trial judge may summarily deny such a motion if it alleges no legal basis for the motion, or if the affidavit does not, as a matter of law, support the ground alleged. G.S. 15A-977(c). If the motion is not summarily determined, the judge is required to hold a hearing and make findings of fact. G.S. 15A-977(d).

As in *Walker*, defendant's mere denial of the existence of the State's confidential informant fails to rebut the presumed validity of the search warrant. Therefore, the trial judge was correct in summarily denying defendant's motion to suppress the evidence seized pursuant to the warrant and in denying defendant's request for an evidentiary hearing as to the good faith of the officer's affidavit in support of the warrant.

[2] Defendant's second argument is that the trial court erred in denying defendant's motion for an in-camera hearing with the

State's confidential informant. Defendant acknowledges that this Court has previously held, in *State v. Creason*, 68 N.C. App. 599, 315 S.E. 2d 540 (1984), *aff'd in part, rev'd in part on other grounds*, 313 N.C. 122, 326 S.E. 2d 24 (1985), that the trial court is not required to compel the State to disclose the identity of a non-transactional confidential informant. However, defendant argues that without information concerning the State's informant, he cannot make a showing that the search warrant was without support and therefore void. The defendant urges this Court to adopt a rule requiring a trial judge, upon a defendant's motion, to conduct an in-camera hearing with the informant when a defendant challenges the good faith of an affiant to a search warrant. We decline to make such a rule. As we stated in *State v. Walker*, 70 N.C. App. at 407, 320 S.E. 2d at 34, a rule as to whether criminal defendants should be granted in-camera hearings with confidential informants "must be addressed to the sound judgment of the Legislature or the Supreme Court for exercise under their rule making powers."

**[3]** Defendant's third and fourth assignments of error involve testimony elicited on direct examination of Alcohol Law Enforcement Agent Richard Thornell. When asked by the State why he was in Hoke County at the time of the search, Mr. Thornell stated that he was there for the purpose of serving arrest warrants on defendant. At that point, the court sustained defense counsel's objection and issued a cautionary instruction directing the jurors to disregard this testimony in their deliberations. The court denied defendant's motion for a mistrial.

The trial court correctly denied defendant's motion for a mistrial. Any prejudicial effect of the testimony as to outstanding arrest warrants on unrelated matters was cured by the court's cautionary instruction. *See State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970).

At the close of the evidence, the trial judge instructed the jury that any evidence concerning process papers or arrest warrants was received for the limited purpose of explaining the conduct and presence of the law enforcement officers at the scene of the search and arrest and that this evidence should play no part in the jury's consideration of issues in the case. Defendant contends that this instruction, in light of the earlier cautionary in-

struction on the testimony, was confusing and misleading. We disagree. Although the earlier cautionary instruction and the later limiting jury charge could be construed as contradictory, when viewed in context, the charge is not confusing or misleading, but serves to emphasize that the other arrest warrants should not be considered on the issue of defendant's guilt in the crimes charged.

[4] Defendant's final two assignments of error involve the trial judge's charge to the jury on the offenses of (i) knowingly and intentionally keeping and maintaining a building used for the unlawful keeping or selling of controlled substances and (ii) knowingly and intentionally keeping and maintaining a vehicle used for the unlawful keeping or selling of controlled substances. At the charge conference, counsel for the defendant requested that the court instruct the jury only on the misdemeanors of "knowingly" keeping and maintaining a building and a vehicle for the unlawful keeping or selling of controlled substances. Defendant's counsel argued that the distinction between "intentional" and "knowing" commission of these offenses is ambiguous and should be interpreted in favor of defendant as requiring only a charge on the misdemeanor. When asked whether "knowing" commission of the offense was a lesser-included offense as to "intentional" commission of the offense, defendant's counsel stated he had no request regarding that issue. Thereafter, the court instructed the jurors that in order to find the defendant guilty they must find that he kept and maintained the building and the vehicle for the purpose of keeping or selling controlled substances *both* "knowingly and intentionally."

General Statute 90-108(a)(7) makes it unlawful "[t]o knowingly keep or maintain any . . . dwelling house, building, vehicle . . . or any place whatever . . . which is used for the keeping or selling of [controlled substances]." Section (b) of the statute makes violation of the above section a misdemeanor; however, if an intentional violation is pleaded and proved, the defendant is guilty of a Class I felony. This Court interpreted G.S. 90-108 in *State v. Bright*, 78 N.C. App. 239, 337 S.E. 2d 87 (1985), *disc. rev. denied*, 315 N.C. 591, 341 S.E. 2d 31 (1986), and concluded that "[a] person knows of an activity if he is aware of a high probability of its existence," but "[a] person acts intentionally if he desires to *cause* the consequences of his act or [if] he believes the consequences

are substantially certain to result." *Bright*, 78 N.C. App. at 243, 337 S.E. 2d at 89 (citation omitted).

Defendant contends that the trial court erred in failing to instruct on the misdemeanor offenses because there was evidence at trial pointing to the lesser *mens rea* on the part of defendant. Specifically, defendant points to the lack of proof presented by the State that the trailer, which was the building or dwelling referred to by the charge, was owned by or in any way connected to the defendant. Defendant also points out that title to the vehicle referred to by the charge was not in defendant's name, although the State presented evidence that defendant permitted the truck to be registered in the name of another for the sole purpose of obtaining insurance.

The trial court must instruct the jury on a lesser-included offense when there is evidence from which the jury can infer that defendant committed the lesser offense. *State v. Morris*, 318 N.C. 643, 350 S.E. 2d 91 (1986). However, even assuming that knowing commission of these offenses is a lesser-included offense and that defendant properly preserved this issue for appeal, defendant's argument is still without merit.

The question of defendant's possession and control of the trailer and the vehicle has little relevance to the *mens rea* of the defendant in light of the distinction between knowing and intentional commission of the acts charged. Rather, whether or not defendant lived in or owned the trailer is relevant to the element of the crime that defendant "keep or maintain" the dwelling for unlawful purposes, not that it was done "knowingly" or "intentionally." Likewise, the evidence as to title and ownership of the vehicle would help to establish whether or not defendant "kept or maintained" the vehicle for unlawful use, not whether defendant did so "knowingly" or "intentionally."

The evidence defendant relies on in his brief goes to the issue of defendant's guilt or innocence; this evidence does not, however, tend to show commission of the arguably lesser-included offenses. Since the trial judge's instructions gave the jury the option of finding defendant guilty or not guilty on these separate felony offenses, defendant's argument is without merit.

[5] Defendant's final assignment of error is that the distinction between "knowing" and "intentional" in G.S. 90-108 is unconstitu-

---

tionally vague in that it provides insufficiently clear standards of conduct and therefore violates due process. We disagree.

This Court examined G.S. 90-108 in *State v. Bright, supra,* and found that there is a distinction to be drawn between "knowing" and "intentional" conduct. Furthermore, the distinction between these states of mind determines not whether the activity is criminal, but whether the criminal act is a felony or a misdemeanor. The "void for vagueness" doctrine argued by defendant "is designed to require that statutes adequately warn people of conduct required of them." *Ellis v. Ellis,* 68 N.C. App. 634, 635, 315 S.E. 2d 526, 527 (1984). Even if this doctrine is applied to statutory language which merely distinguishes degree of culpability rather than criminal from non-criminal behavior, G.S. 90-108 is not unconstitutionally vague because it not only provides adequate warnings as to the conduct it prohibits, but it also gives sufficiently clear guidelines and definitions for judges and juries to interpret and administer it uniformly. *See In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd sub nom. McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed. 2d 647 (1971).

Therefore, for the reasons herein stated, we find

No error.

Judges WELLS and MARTIN concur.