STATE OF NORTH CAROLINA v. DENNIS LEE CHURCH

No. 8423SC680

(Filed 19 March 1985)

**Narcotics § 1.3— acquisition of controlled substance by subterfuge—intentional by definition—no misdemeanor offense exists**

There is no misdemeanor offense under G.S. 90-108(a)(10), which prohibits the acquisition of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, because G.S. 90-108(b) provides that intentional violations of G.S. 90-108(a)(10) are felonies and the legal definitions of misrepresentation, fraud, forgery, deception and subterfuge have in common a requirement of a specific *intention* to deceive.

APPEAL by defendant from *Collier, Judge*. Judgment entered 10 February 1984, in Superior Court, WILKES County. Heard in the Court of Appeals 13 February 1985.

Defendant was charged in a bill of indictment with: "unlawfully, willfully and feloniously and intentionally acquir[ing] and obtain[ing] possession of Diazepam (Valium), a controlled substance included in Schedule IV of the North Carolina Controlled Substances Act, by misrepresentation, fraud, forgery, deception, or subterfuge in that the defendant presented a prescription for diazepam (valium), dated June 9, 1983, to James Robinson of Revco Pharmacy, D. Street, North Wilkesboro, North Carolina, which contained the forged signature of Jerry F. Watson, M.D., the defendant knowing said prescription contained the forged signature of Jerry F. Watson, M.D."

Defendant was found guilty of "nonfeloniously acquiring possession of a controlled substance." From a judgment imposing a prison sentence of eighteen months defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant, appellant.*

HEDRICK, Chief Judge.

The bill of indictment in which defendant was charged was drawn from G.S. 90-108(a)(10) (Cum. Supp. 1983) which states:

(a) It shall be unlawful for any person:

. . .

(10) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.

G.S. 90-108(b) (Cum. Supp. 1983) states:

(b) Any person who violates this section shall be guilty of a misdemeanor. Provided, that if the criminal pleading alleges that the violation was committed intentionally, and upon trial it is specifically found that the violation was committed intentionally, such violations shall be a Class I felony.

The verdict purported to find defendant guilty of a misdemeanor under G.S. 90-108(a)(10). In its instructions to the jury the court differentiated between the felony and the misdemeanor under the statute by saying, "Nonfeloniously obtaining possession of a controlled substance differs from feloniously obtaining possession in that the State need not prove that he did so intentionally."

The legal definitions of the statutory terms "misrepresentation, fraud, forgery, deception or subterfuge" have in common a requirement that the person acting in a dishonest manner do so intentionally. Stated another way, these actions involve not only some behavior that tends to deceive others, but also a specific *intention* to deceive. Because any commission of the offense set out in G.S. 90-108(a)(10) is by definition intentional, and because G.S. 90-108(b) provides that intentional violations of G.S. 90-108 are felonies, a misdemeanor offense under G.S. 90-108(a)(10) does not exist. Thus, the misdemeanor described in the instructions to the jury is not a lesser included offense of the felony described in the

bill of indictment and the statute. Because defendant was convicted of a crime which does not exist, the judgment of the trial court must be vacated.

Judgment vacated.

Judges JOHNSON and COZORT concur.