STATE OF NORTH CAROLINA v. MARQUIS DELANO BRIGHT

No. 858SC502

(Filed 3 December 1985)

**1. Criminal Law § 163— failure to object to instructions—appellate review**
    Where defendant failed to object to the jury instructions at trial, the appellate court may review the jury instructions only if the error is deemed ex-

cepted to as a matter of law or the error constitutes plain error. App. Rule 10(b)(2).

**2. Narcotics § 1.3— maintaining vehicle for use of marijuana—misdemeanor crime**

A misdemeanor of maintaining a motor vehicle with knowledge that it is resorted to by persons for the use, keeping or selling of marijuana exists under N.C.G.S. 90-108(a)(7) since the knowledge required for the misdemeanor is not the equivalent of the criminal intent required for the felony under subsection (b).

APPEAL by defendant from *Llewellyn, Judge*. Judgment entered 15 January 1985 in LENOIR County Superior Court. Heard in the Court of Appeals 23 October 1985.

Defendant was charged with possession with intent to sell and deliver a controlled substance and keeping and maintaining a motor vehicle for the use of controlled substances.

The State's evidence tended to show that shortly after 3:00 p.m. on 24 July 1984, Detective Sergeant Bennett Simms of the Kinston Police Department stopped the defendant on information that defendant was in possession of marijuana. Defendant was driving a white Plymouth that was owned by his brother. Officer Simms had seen defendant operating the Plymouth on several occasions. Officer Simms searched defendant's person, finding $435 in cash, and then searched the automobile, finding a brownish-red pouch which held twelve manila envelopes containing marijuana. After defendant was advised of his *Miranda* rights, he told the officer that the marijuana belonged to him and that he was selling it to make money.

Defendant testified that he consented to the search of his person and his automobile. He told Officer Simms that there were no drugs in the car to his knowledge and that he had never seen the pouch before. The cash on his person was for the purpose of paying some bills and had come from odd jobs he had done the week before. Defendant denied ever telling Officer Simms that the drugs were his. Defendant also presented a witness that provided corroborating evidence.

The jury returned a verdict of guilty of the Class I felony of possession of marijuana with intent to sell and deliver and guilty of a misdemeanor charge of "maintaining a motor [vehicle] to which persons resorted to for the keeping or sale of marijuana." Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sarah C. Young, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant.*

WELLS, Judge.

Defendant argues one assignment of error that may be broken down into two separate contentions, both asserting defects in the trial court's jury charge: First, that the court submitted to the jury instructions on a misdemeanor crime that does not exist and second, that, if there does exist such a crime, the trial court's instructions to the jury erroneously omitted the essential element of the defendant's *mens rea* to commit the crime.

[1] Defendant failed to object to the jury instructions at trial; therefore, we may review the jury instructions only if the error is deemed excepted to as a matter of law or the error constitutes "plain error." Rule 10(b)(2) of the Rules of Appellate Procedure; N.C. Gen. Stat. § 1A-1, Rule 46 of the Rules of Civil Procedure; *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

> Where no action was taken by counsel during the course of the proceedings, the burden is on the party alleging error to establish its right to review; that is, that an exception, "by rule or law was deemed preserved or taken without any such action," or that the alleged error constitutes plain error.

> In so doing, a party must, prior to arguing the alleged error in his brief, (a) alert the appellate court that no action was taken at trial level, and (b) establish his right to review by asserting in what manner the exception is preserved by rule or law or, when applicable, how the error amounted to a plain error or defect affecting a substantial right which may be noticed although not brought to the attention of the trial court.

*State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983). The defendant has not taken these threshold steps to obtain review; therefore, we may not consider the alleged defects in the jury instructions.

[2] There still remains the question of whether a misdemeanor crime of "maintaining a motor [vehicle] to which persons resorted

to for the keeping or sale of marijuana" exists. A defendant cannot be convicted of a crime which does not exist. *State v. Church*, 73 N.C. App. 645, 327 S.E. 2d 33 (1985).

The relevant statutory provisions are as follows:

(a) It shall be unlawful for any person:

. . .

(7) To knowingly keep or maintain any . . . vehicle . . . which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same . . . .

. . .

(b) Any person who violates this section shall be guilty of a misdemeanor. Provided, that if the criminal pleading alleges that the violation was committed intentionally, and upon trial it is specifically found that the violation was committed intentionally, such violation shall be a Class I felony.

N.C. Gen. Stat. § 90-108 (Cum. Supp. 1983). Though the statute is poorly written, we interpret it as below:

(1) Maintaining a vehicle with knowledge that it is resorted to by persons for the use, keeping or selling of controlled substances shall be a misdemeanor,

(2) Maintaining a vehicle with the intent that it be so used shall be a Class I felony.

Defendant contends that "knowingly" is equivalent to "intentionally" and therefore only one crime, the felony, exists. For this proposition he cites *State v. Church, supra.* In *Church*, the subsection of this statute challenged was G.S. 90-108(a)(10), which makes it a crime "[t]o acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." The legal definitions of these statutory terms all require that the conduct be done intentionally, mandating that this crime could only be a felony, not a misdemeanor. *Id.*

The statute applicable in the case at bar is distinguishable. The required conduct need not be done intentionally, only know-

ingly, in order for the misdemeanor crime to be charged. A person knows of an activity if he is aware of a high probability of its existence. *See* Black's Law Dictionary (5th ed. 1979). A person acts intentionally if he desires to *cause* the consequences of his act or that he believes the consequences are substantially certain to result. *Id.* Intent is more difficult to prove and, as shown by the statute, is the standard of greater culpability.

No error.

Judges ARNOLD and MARTIN concur.