STATE OF NORTH CAROLINA v. BRIAN KEITH DICKERSON

No. COA01-1255

(Filed 3 September 2002)

**1. Drugs— maintaining vehicle for drug sales—isolated incident**

The trial court erred by not dismissing a charge of keeping or maintaining a motor vehicle for the sale or delivery of cocaine where defendant was in his vehicle on one occasion when cocaine was sold.

―――――――――

**2. Constitutional Law— double jeopardy—possession of cocaine—sale**

Double jeopardy was not violated where defendant was sentenced for both the sale and delivery of cocaine and possession of cocaine with intent to sell or deliver.

Appeal by defendant from judgments dated 24 May 2001 by Judge Ronald L. Stephens in Alamance County Superior Court. Heard in the Court of Appeals 13 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General J. Douglas Hill, for the State.*

*Hemric, Lambeth, Champion & Moseley, P.A., by Ricky W. Champion, for defendant appellant.*

GREENE, Judge.

Brian Keith Dickerson (Defendant) appeals judgments dated 24 May 2001 entered consistent with a jury verdict finding him guilty of possession of cocaine with intent to sell and/or deliver, sale and delivery of cocaine, and keeping and/or maintaining a motor vehicle for the sale and/or delivery of cocaine.

The evidence at trial revealed that on the night of 4 November 1999 Jennifer Wilson (Wilson), a police informant, arranged an undercover drug purchase by ordering eighty dollars worth of crack cocaine from Defendant. Defendant met Wilson and undercover police officer Deputy Jennifer Perhealth (Deputy Perhealth) in the parking lot behind Wilson's apartment. Defendant was seated on the passenger side of a vehicle when Wilson and Deputy Perhealth arrived. An unidentified person occupied the driver's seat of the vehicle.

When Wilson and Deputy Perhealth approached the passenger side of the vehicle to purchase the cocaine, Defendant told Deputy Perhealth to place the money on the dashboard in front of him. Deputy Perhealth did as requested. Defendant then handed Deputy Perhealth a clear plastic bag containing crack cocaine. Upon completion of the purchase, Wilson and Deputy Perhealth went to Wilson's apartment, and the vehicle left the parking lot. A surveillance officer was able to obtain the license plate number of the vehicle and determined it was registered to Defendant. Deputy Perhealth, who was later shown a photo lineup, identified Defendant as the man from whom she had bought the cocaine.

STATE v. DICKERSON

[152 N.C. App. 714 (2002)]

At the conclusion of the State's evidence, Defendant moved to dismiss all the charges against Defendant for insufficiency of the evidence. The trial court denied this motion. Defendant did not present any evidence but renewed his earlier motion. The trial court again denied Defendant's motion.

---

The issues are whether: (I) the evidence was sufficient to support a charge of keeping and/or maintaining a motor vehicle for the sale and/or delivery of cocaine; and (II) the trial court erred in sentencing Defendant for both the sale and delivery of cocaine and the possession of cocaine with intent to sell and/or deliver.

I

[1] Defendant contends the isolated incident of his having been seated in a motor vehicle while selling drugs is insufficient to warrant a charge to the jury of keeping or maintaining a motor vehicle for the sale and/or delivery of cocaine. We agree.

In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the charged offense and that the defendant is the perpetrator of the offense. *State v. Harding*, 110 N.C. App. 155, 162, 429 S.E.2d 416, 421 (1993). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990).

Pursuant to N.C. Gen. Stat. § 90-108(a)(7), it is illegal to "knowingly keep or maintain any . . . vehicle . . . which is used for the keeping or selling of [controlled substances]." N.C.G.S. § 90-108(a)(7) (2001). The statute thus prohibits the keeping or maintaining of a vehicle only when it is used for "keeping or selling" controlled substances. As stated by our Supreme Court in *State v. Mitchell*, the word " '[k]eep' . . . denotes not just possession, but possession that occurs over a duration of time." *State v. Mitchell*, 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994). Thus, the fact "[t]hat an individual within a vehicle possesses marijuana on one occasion cannot establish . . . the vehicle is 'used for keeping' marijuana; nor can one marijuana cigarette found within the car establish that element." *Id.* at 33, 442 S.E.2d at 30. Likewise, the fact that a defendant was in his vehicle on one occasion when he sold a controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance. In this case, the State presented no evidence in addition to Defendant having been seated in a vehicle when the cocaine purchase occurred.

STATE v. DICKERSON

[152 N.C. App. 714 (2002)]

As such, the trial court erred by failing to dismiss the charge of keeping and/or maintaining a motor vehicle for the sale and/or delivery of cocaine.

II

[2] Defendant also argues it was error for the trial court to sentence him for both the sale and delivery of cocaine and the possession of cocaine with intent to sell and/or deliver as this violated his right against double jeopardy. We disagree.

The North Carolina General Assembly has determined that the unlawful possession of cocaine is illegal. *See* N.C.G.S. § 90-95(a)(1) (2001). The General Assembly has also established that the unlawful sale or delivery of cocaine is illegal. *See id.* "By setting out both the possession and sale as separate offenses in the statute and by prescribing the same punishment for possession and for sale, it is apparent that the General Assembly intended possession and sale to be treated as distinct crimes of equal degree, to be separately punished . . . ." *State v. Cameron,* 283 N.C. 191, 202, 195 S.E.2d 481, 488 (1973). Accordingly, we find no merit in Defendant's argument.

Reversed and remanded for resentencing.

Judges TIMMONS-GOODSON and HUNTER concur.