STATE OF NORTH CAROLINA
v.
GERALD GLENN BOSWELL
No. COA09-14
Court of Appeals of North Carolina
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth N. Strickland, for the State.
Geoffrey W. Hosford, for defendant-appellant.
MARTIN, Chief Judge.
Gerald Glenn Boswell ("defendant") appeals from convictions for possession of cocaine, misdemeanor fleeing to elude arrest, intentionally maintaining a vehicle to keep or sell controlled substances, and habitual felon status. He contends the trial court erred by (1) denying his motion to dismiss the charge of maintaining a vehicle to keep or sell a controlled substance, and (2) sentencing defendant as a habitual felon based on two convictions more than thirty years old. We find no error in part, vacate in part, and remand for re-sentencing.
The State's evidence tends to show that on 9 January 2007, Detectives Steve Worthington, Heath Ward, and Jeff Little were finishing up after executing a search warrant at a residence on Dessie Road in Chadbourn, North Carolina. They were getting ready to leave the property when they saw a pickup truck drive by at a high rate of speed. All three detectives recognized defendant as the driver, since defendant had his head turned toward them as he drove past. Detectives Worthington and Ward were aware that defendant's driver's license had been revoked. They got into Detective Worthington's car and gave chase. At some point during the chase the blue lights and siren were activated.
The truck approached a stop sign and railroad tracks and made a left turn onto Chadbourn/Clarendon Road. The truck continued through the intersection at Highway 410 without stopping for a stop sign. Detective Worthington had to speed about fifteen miles per hour over the posted speed limit in order to keep up with and then catch defendant, who was also driving well over the speed limit. After about a total of two and a half to three miles, defendant pulled over to the side of the road. Once stopped, defendant stated that he "wanted to do some work," to "help" Detective Worthington. He told the detectives he had been at Greasy Bellamy's house to sell a heater, but that he had not been able to sell it. Greasy Bellamy is a man known to the detectives. Defendant gave his consent to search the vehicle, and advised the detectives that they would not find any drugs inside. There was no heater located in the truck. Upon further inspection, Detective Worthington saw an object that appeared to be a piece of crack cocaine in a center console next to the driver's seat. He collected a total of three pieces of the substance from the cupholder in the console. Chemical testing at the State Bureau of Investigation confirmed that the substance was 0.1 grams of cocaine. Defendant volunteered that he had purchased the drugs at Greasy Bellamy's. Detective Worthington placed defendant under arrest.
Defendant's father R.C. Boswell testified that he owned the truck defendant was driving on 9 January 2007. He allowed his sons, including defendant, and his employees to use his truck whenever they needed to use it. Although he did not know defendant had taken his truck on 9 January 2007, he stated that defendant did not need to ask permission to drive it. Mr. Boswell stated he was not aware of the drugs found in the truck. Defendant did not present any evidence.
Defendant moved to dismiss all charges at the close of the State's evidence and again at the close of all the evidence for lack of sufficient evidence. The trial court granted the motion with regard to a charge of unauthorized use of a motor vehicle, and denied the motion as to the rest of the charges. The jury returned verdicts of guilty of the remaining charges of possession of cocaine, fleeing to elude arrest, and maintaining a vehicle to keep or sell a controlled substance.
The trial court then conducted the second part of the hearing on habitual felon status. The State presented evidence of convictions obtained against defendant in 1974 for forgery and uttering, in 1975 for breaking, entering and larceny, and in 1998 for obtaining property by false pretenses. Defendant testified that he has a family that he takes care of, that his older convictions were consolidated, and that he served one sentence for them. The jury returned a verdict of guilty of habitual felon status. The trial court consolidated all the charges and sentenced defendant as a habitual felon to one active term of 116 to 149 months imprisonment. From the judgment entered, defendant appeals.
Defendant first contends the trial court erred in failing to grant his motion to dismiss for insufficient evidence of maintaining a vehicle to keep or sell a controlled substance. He cites to State v. Mitchell, 336 N.C. 22, 442 S.E.2d 24 (1994) and State v. Dickerson, 152 N.C. App. 714, 568 S.E.2d 281 (2002) in support of his argument. The State concedes it is unable to distinguish these cases from the instant case and asserts that they are therefore controlling.
In deciding a motion to dismiss for lack of sufficiency of evidence, the evidence must be viewed in the light most favorable to the State, including all reasonable inferences to be drawn therefrom. State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted). Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal of the case. Id. Substantial evidence must be presented as to each element of the offense charged. Id. at 595, 573 S.E.2d at 868. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conviction." State v. Jarrett, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (2000) (quoting State v. Jacobs, 128 N.C. App. 559, 563, 495 S.E.2d 757, 760-61 (1998)).
The issue of sufficiency of evidence regarding the offense of keeping or maintaining a vehicle for the sale or use of a controlled substance was discussed by this Court in Dickerson:
Pursuant to N.C. Gen. Stat. § 901-08(a)(7), it is illegal to "knowingly keep or maintain any . . . vehicle . . . which is used for the keeping or selling of [controlled substances]." N.C. Gen. Stat. 90-108(a)(7) (2001). The statute thus prohibits the keeping or maintaining of a vehicle only when it is used for "keeping or selling" controlled substances. As stated by our Supreme Court in State v. Mitchell, the word "`keep' . . . denotes not just possession, but possession that occurs over a duration of time." State v. Mitchell, 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994). Thus, the fact "that an individual within a vehicle possesses marijuana on one occasion cannot establish . . . the vehicle is `used for keeping' marijuana; nor can one marijuana cigarette found within the car establish that element." Id. at 33, 442 S.E.2d at 30.
Dickerson, 152 N.C. App. at 716, 568 S.E.2d at 282. This Court in Dickerson held that "the fact that a defendant was in his vehicle on one occasion when he sold a controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance." Id. The elements of the offense for purposes of this appeal have not changed since this Court's opinion in Dickerson. See N.C. Gen. Stat. § 90-108(a)(7)(2007).
Here, the vehicle driven by defendant was owned by his father, and numerous people were allowed to use the vehicle on a regular basis. No evidence was presented that defendant used the truck on any other occasion to keep or sell a controlled substance. As in Dickerson and Mitchell, the fact that defendant was found to be in possession of drugs in the vehicle on one occasion does not permit a finding that he was "keeping" the truck for the purpose of using or keeping a controlled substance within the meaning of section 901-08(a)(7). Therefore, insufficient evidence was presented regarding this offense, and the trial court erred in denying defendant's motion to dismiss the charge. We vacate defendant's conviction in case number 08 CRS 2524 for the offense of keeping and maintaining a vehicle for keeping a controlled substance. Since the conviction was consolidated with the other convictions for judgment, the entire sentence is affected, and defendant is entitled to a new sentencing hearing.
Defendant also argues the trial court erred in sentencing him to a term of imprisonment of more than nine years for possessing 0.1 grams of cocaine, in that such an excessive sentence constitutes cruel and unusual punishment in violation of his constitutional rights under the Eighth Amendment. He contends that the sentence imposed is grossly disproportionate to the crime, and does not reflect the nature of the offense, defendant's lack of recidivism over the years, or the fact that two of the convictions used to support his habitual felon status are more than thirty years old. We do not agree.
A person achieves habitual felon status "who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States." N.C. Gen. Stat. § 147-.1 (2007). Section 14-7.1 allows convictions of felony offenses after 1967 to be used in determining habitual felon status. Id. A defendant who is convicted of habitual felon status must be sentenced as a habitual felon, and a trial court is required to sentence a habitual felon who commits any felony as a Class C felon. N.C. Gen. Stat. §§ 14-7.2, 14-7.6 (2007). Habitual felon statutes have been upheld in our courts as being constitutionally valid under both the federal and state constitutions. See State v. Todd, 313 N.C. 110, 326 S.E.2d 249 (1985) and State v. Garcia, 174 N.C. App. 498, 621 S.E.2d 292 (2005).
With regard to proportionality review under the Eighth Amendment, our state Supreme Court has stated that "`[o]nly in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment.'" Todd, 313 N.C. at 119, 326 S.E.2d at 254 (citation omitted). To determine whether a sentence is grossly disproportionate to an offense for purposes of Eighth Amendment analysis, defendant must show "`abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness or injustice, or conduct which offends the public sense of fair play.'" Id. (citation omitted).
Here, defendant's conviction of habitual felon status was properly based on three prior felonies pursuant to the habitual felon statutes. Defendant was convicted of a felony, possession of cocaine. Thus, the jury's verdict of guilty of habitual felon status is fully supported, and the sentence properly imposed by the trial court. Defendant has not presented any facts which would allow us to conclude that the sentence imposed is grossly disproportionate to the crime committed. This assignment of error is overruled.
Defendant has not argued the remainder of his assignments of error listed in the record on appeal; therefore, they are deemed abandoned. N.C. R. App. P. 28(b)(6) (2009).
No error in part, vacated in part as to 08 CRS 2524, and remanded for re-sentencing.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).