An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1171
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.                                    Person County
                                      Nos. 12 CRS 1727-29
KENDRICK MARYLAND LINK


Appeal by Defendant from judgments entered 30 May 2013 by Judge Michael R. Morgan in Superior Court, Person County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Lora C. Cubbage, for the State.*
>
> *Gerding Blass, PLLC, by Danielle Blass, for Defendant-Appellant.*


McGEE, Judge.


A jury found Kendrick Maryland Link ("Defendant") guilty of sale and delivery of cocaine, possession with intent to sell and deliver cocaine, intentionally maintaining a vehicle for the purpose of keeping or selling a controlled substance, and possession of drug paraphernalia. Defendant then pled guilty to having attained habitual felon status. The trial court

consolidated Defendant's felony convictions for judgment and sentenced him as an habitual felon to an active prison term of 58 to 82 months. Defendant received an additional 120-day prison term for misdemeanor possession of drug paraphernalia, consecutive to his sentence for the felony convictions. Defendant appeals.

Members of the Person County Sheriff's Office employed an informant, Jason Wade ("Wade"), on 20 March 2012 to make a controlled purchase of cocaine from Defendant at Wade's residence. The officers equipped Wade with an audiovisual recording device and $50.00 in purchase money. Wade telephoned Defendant at 12:08 p.m. and asked him to deliver to him $50.00 worth of cocaine. Wade telephoned Defendant a second time at 12:34 p.m. to ascertain his whereabouts, but Defendant did not answer. Wade told an investigator that "if [Defendant] didn't answer, he was probably on the way." Defendant pulled into Wade's driveway in a 1992 Oldsmobile Cutlass Supreme at 12:37 p.m. Wade approached the driver's side window of the vehicle and "hand[ed] cash inside the car to [Defendant.]" After Defendant "gave [Wade] the drugs[,]" Defendant "put the money in his pocket and left." Wade re-entered his home and surrendered to officers "a corner clear baggy of white powdery substance"

obtained from Defendant – later determined to be three-tenths of a gram of cocaine hydrochloride. The recording taken by Wade of the transaction was admitted into evidence and published to the jury. Defendant stipulated that he was the owner of the 1992 Oldsmobile he drove to Wade's house on 20 March 2012.

Defendant argues on appeal that, due to insufficient evidence, the trial court erred in denying his motion to dismiss the charge of maintaining a vehicle for keeping or selling a controlled substance. We agree.

"Upon review of a motion to dismiss, the court determines whether there is substantial evidence, viewed in the light most favorable to the State, of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Lane*, 163 N.C. App. 495, 499, 594 S.E.2d 107, 110 (2004). Our Courts have defined "substantial evidence" as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990)). If the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. This is true even though the

suspicion so aroused by the evidence is strong." *In re Vinson*, 298 N.C. 640, 656-57, 260 S.E.2d 591, 602 (1979) (citations omitted).

> To obtain a conviction for knowingly and intentionally maintaining a place used for keeping and/or selling controlled substances under N.C. Gen. Stat. § 90-108(a)(7) [2013], the State has the burden of proving the defendant: (1) knowingly or intentionally kept or maintained; (2) a building or other place; (3) being used for the keeping or selling of a controlled substance.

*State v. Frazier*, 142 N.C. App. 361, 365, 542 S.E.2d 682, 686 (2001). While conceding that he owned the Oldsmobile, Defendant argues the State failed to show that he kept or maintained the vehicle "for keeping or selling controlled substances" as required by element (3). Defendant cites to prior decisions of this Court holding that "the fact that a defendant was in his vehicle on one occasion when he sold a controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance." *Lane*, 163 N.C. App. at 499-500, 594 S.E.2d at 110 (citing *State v. Dickerson*, 152 N.C. App. 714, 716-17, 568 S.E.2d 281, 282 (2002)).

"The determination of whether a building or other place is used for keeping or selling a controlled substance 'will depend on the totality of the circumstances.'" *Frazier*, 142 N.C. App.

at 366, 542 S.E.2d at 686 (quoting *State v. Mitchell*, 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994)). Evidence of a vehicle's use in multiple transactions over a period of time will support a conviction under N.C. Gen. Stat. § 90-108(a)(7). *See State v. Calvino*, 179 N.C. App. 219, 222-23, 632 S.E.2d 839, 842-43 (2006) (where police observed and recorded two cocaine purchases by defendant in the same van, seven days apart). Other "[f]actors to be considered in determining whether a particular place is used to 'keep or sell' controlled substances include: a large amount of cash being found in the place; a defendant admitting to selling controlled substances; and the place containing numerous amounts of drug paraphernalia." *Frazier*, 142 N.C. App. at 366, 542 S.E.2d at 686.

In *Dickerson*, an informant arranged to purchase eighty dollars' worth of cocaine from the defendant. *Dickerson*, 152 N.C. App. at 715, 568 S.E.2d at 281. An unidentified party drove the defendant to the site of the transaction in a car registered to the defendant. *Id.* The defendant completed the sale from the front passenger's seat of the car. *Id.* This Court found this evidence insufficient to support the defendant's conviction under N.C. Gen. Stat. § 90-108(a)(7):

> [T]he fact that a defendant was in his
> vehicle on one occasion when he sold a

> controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance. In this case, the State presented no evidence in addition to Defendant having been seated in a vehicle when the cocaine purchase occurred. As such, the trial court erred by failing to dismiss the charge of keeping and/or maintaining a motor vehicle for the sale and/or delivery of cocaine.

*Id.* at 716-17, 568 S.E.2d at 282; *see also Lane*, 163 N.C. App. at 499-500, 594 S.E.2d at 110-11.

In the case before us, as in *Dickerson*, the State adduced evidence that Defendant owned the vehicle in question and used it on a single occasion to sell 0.3 grams of cocaine. There was no evidence of additional drugs, cash, or paraphernalia in the vehicle and no admission by Defendant that might support a reasonable inference of its continued use in the drug trade. *See Frazier*, 142 N.C. App. at 366, 542 S.E.2d at 686. We note that the audio-video recording of the transaction published to the jury contains several instances in which Wade, while speaking with the officers, alludes to Defendant's prior deliveries of drugs to Wade's residence. These hearsay statements, which make no reference to the 1992 Oldsmobile driven by Defendant on 20 March 2012, are "sufficient only to raise a suspicion or conjecture as to" Defendant's ongoing use of this particular vehicle to keep or sell a controlled

substance. *Vinson*, 298 N.C. at 656-57, 260 S.E.2d at 602. Accordingly, we hold the trial court erred in failing to dismiss this charge. *See Lane*, 163 N.C. App. at 499-500, 594 S.E.2d at 110-11; *Dickerson*, 152 N.C. App. at 716-17, 568 S.E.2d at 282.

Defendant's conviction for maintaining a vehicle for the purpose of keeping or selling a controlled substance is hereby reversed. Because the trial court consolidated Defendant's felony convictions into a single judgment, we remand for resentencing. *State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987).

Reversed and remanded.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).