IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1254

 Filed: 17 October 2017

Wake County, No. 13CRS222201

STATE OF NORTH CAROLINA,

 v.

RICHARD DUNSTON, Defendant.

 Appeal by Defendant from judgment entered 14 April 2016 by Judge Paul C.

Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 10 August

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Christina S.
 Hayes, for the State.

 Jarvis John Edgerton, IV for defendant-appellant.

 BERGER, Judge.

 On April 14, 2016, a Wake County jury convicted Richard Dunston

(“Defendant”) of trafficking opium or heroin, and maintaining a vehicle for keeping

or selling controlled substances. Defendant was sentenced pursuant to N.C. Gen.

Stat. § 90-95(h)(4) (2015) and received a mandatory sentence of 90 to 120 months in

prison, and ordered to pay a fine of $100,000.00. Defendant does not appeal his

conviction or sentence from trafficking opium or heroin, but rather contends the trial
 STATE V. DUNSTON

 Opinion of the Court

court erred in denying his motion to dismiss the charge of maintaining a vehicle for

keeping or selling controlled substances. We disagree.

 Factual & Procedural Background

 At trial, evidence tended to show that on September 6, 2013, officers with the

Raleigh Police Department’s Selective Enforcement Unit were conducting

surveillance at a business known to have a high volume of illicit drug activity.

Defendant was observed walking towards a white Cadillac in the parking lot. An

individual, later identified as Defendant’s nephew, Darius Davis (“Davis”), was in the

driver’s seat of the Cadillac. Defendant began speaking with Davis, and opened a

package of cigars. Defendant removed the plastic filters from the cigars, and based

upon the officer’s training and experience, appeared to replace the tobacco in the

cigars with marijuana. Defendant then licked the paper, re-rolled, and replaced the

plastic filters back on the “cigars.”

 Davis was observed exchanging cash in a hand-to-hand transaction with an

older male he met in the parking lot. Defendant and Davis then began an extended

conversation with each other, and Defendant sat in the passenger seat of the Cadillac.

Davis drove away from the business, and officers initiated a traffic stop of the vehicle.

 Davis consented to a search of his person, which yielded a bag of marijuana.

Defendant was then removed from the vehicle and searched. Defendant had no

contraband on his person, not even the “cigars” he was observed handling earlier.

 -2-
 STATE V. DUNSTON

 Opinion of the Court

Officers then conducted a search of the Cadillac, leading to the discovery of an open

container of alcohol under the front passenger’s seat and a travel bag containing a

19.29 gram mixture of heroin, codeine, and morphine on the back seat. The travel

bag also contained plastic baggies, two sets of digital scales, and three cell phones.

Defendant admitted that the Cadillac and travel bag belonged to him. Officers later

determined, however, that the Cadillac was owned by Defendant’s former girlfriend,

Latisha Thompson (“Thompson”).

 Thompson and Defendant dated for approximately eleven years, but the

relationship ended nearly five years before the trial. She acknowledged that the

Cadillac was registered in her name, but Defendant purchased, used, and maintained

the car. Thompson also testified that she believed associating with Defendant was

not in Davis’s best interests. Defendant then asked Thompson:

 [DEFENDANT]: So how -- so let me ask you a question:
 So why would you feel that Mr. Davis
 was getting himself into something he
 didn’t deserve?

 [THOMPSON]: Because I knew. I was with you [for] 11
 years.

 [DEFENDANT]: Exactly what is that supposed to mean?

 ....

 [THOMPSON]: I knew the lifestyle. I knew what was
 going on.

 -3-
 STATE V. DUNSTON

 Opinion of the Court

 At the close of evidence, Defendant made a general motion to dismiss, which

the trial court denied. Defendant timely gave notice of appeal.

 Standard of Review

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted).

“Upon defendant’s motion for dismissal, the question for the Court is whether there

is substantial evidence (1) of each essential element of the offense charged, or of a

lesser offense included therein, and (2) of defendant’s being the perpetrator of such

offense. If so, the motion is properly denied.” State v. Fritsch, 351 N.C. 373, 378, 526

S.E.2d 451, 455 (citation omitted), cert. denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

Our Supreme Court has stated:

 In ruling on a motion to dismiss, both the trial court and
 the reviewing court must consider the evidence in the light
 most favorable to the state, and the state is entitled to
 every reasonable inference to be drawn from the evidence.
 If there is any evidence that tends to prove the fact in issue
 or that reasonably supports a logical and legitimate
 deduction as to the existence of that fact and does not
 merely raise a suspicion or conjecture regarding it, then it
 is proper to submit the case to the jury.

State v. Artis, 325 N.C. 278, 301, 384 S.E.2d 470, 483 (1989) (citations omitted),

judgment vacated on other grounds, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990).

 Analysis

 -4-
 STATE V. DUNSTON

 Opinion of the Court

 Defendant contends the trial court erred in denying his motion to dismiss,

arguing that there was insufficient evidence to support his conviction of maintaining

a vehicle for keeping or selling controlled substances. A defendant may properly be

convicted of maintaining a vehicle for keeping or selling a controlled substance if the

State proves beyond a reasonable doubt that the defendant knowingly kept or

maintained a vehicle “used for the keeping or selling of” controlled substances. N.C.

Gen. Stat. § 90-108(a)(7) (2015). Defendant contends that our case law establishes a

bright-line rule whereby one incident of keeping or selling controlled substances is

insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a

controlled substance. We disagree.

 Our Supreme Court held in State v. Mitchell, 336 N.C. 22, 34, 442 S.E.2d 24,

30 (1994), “[t]he determination of whether a vehicle, or a building, is used for keeping

or selling controlled substances will depend on the totality of the circumstances.” See

also State v. Dickerson, 152 N.C. App. 714, 716, 568 S.E.2d 281, 282 (2002) (“[T]he

fact that a defendant was in his vehicle on one occasion when he sold a controlled

substance does not by itself demonstrate the vehicle was kept or maintained to sell a

controlled substance.” (emphasis added)); State v. Thompson, 188 N.C. App. 102, 105-

06, 654 S.E.2d 814, 817 (this Court must look at the totality of the circumstances,

examining such factors as the quantity of drugs, paraphernalia found at the location,

 -5-
 STATE V. DUNSTON

 Opinion of the Court

the amount of money recovered, and “the presence of multiple cellular phones or

pagers” (citations omitted)), disc. rev. denied, ___ N.C. ___, 662 S.E.2d 391 (2008).

 When viewed in the light most favorable to the State, there was substantial

evidence introduced at trial for each essential element of the offense of maintaining

a vehicle for keeping or selling controlled substances, and that Defendant was the

perpetrator. Here, Defendant was in the vehicle at a location known to law

enforcement for a high level of illicit drug activity. Defendant was observed by law

enforcement unwrapping cigars and re-rolling them after manipulating them. Based

upon the law enforcement officer’s training and experience, Defendant’s actions were

consistent with those commonly used in distributing marijuana. While in the parking

lot, Davis, the driver of the vehicle, was observed in a hand-to-hand exchange of cash

with another individual. When later searched by officers, Davis was discovered to

have marijuana, and Defendant no longer possessed the “cigars” he was observed

with earlier.

 Additionally, Defendant possessed a trafficking quantity of heroin, along with

plastic baggies, two sets of digital scales, three cell phones, and $155.00 in cash.

Thompson, Defendant’s ex-girlfriend and registered owner of the vehicle, testified

that she was concerned about Defendant’s negative influence on his nephew, Davis,

because she “knew the lifestyle.”

 -6-
 STATE V. DUNSTON

 Opinion of the Court

 Based upon the totality of the circumstances, there was sufficient evidence for

the jury to find Defendant knowingly kept or maintained the white Cadillac for the

keeping or selling of controlled substances.

 Conclusion

 Defendant received a fair trial, and his motion to dismiss was properly denied

by the trial court.

 NO ERROR.

 Judge DILLON concurs with separate opinion.

 Judge ZACHARY dissents with separate opinion.

 -7-
 No. COA16-1254 – State v. Dunston

 DILLON, Judge, concurring.

 I fully concur in the majority opinion. I write separately to expound on portions

of our Supreme Court’s decision in State v. Mitchell, 336 N.C. 22, 442 S.E.2d 24

(1994), which I believe address the concerns of the dissenting opinion.

 The dissenting opinion correctly points out that evidence of a single drug

transaction from a vehicle, by itself, will not sustain a conviction for keeping a vehicle

for the sale of illegal drugs. However, it is not imperative that the State in every case

put forth evidence of drug activity from the vehicle at two different points in time to

get to the jury. Rather, evidence found in a vehicle by police in a single encounter

may be sufficient to get to the jury where warranted by the totality of the

circumstances:

 Although the contents of a vehicle are clearly relevant in
 determining [the vehicle’s] use, its contents are not
 dispositive when, as here, they do not establish that the use
 of the vehicle was a prohibited one. The determination of
 whether a vehicle, or a building, is used for keeping or
 selling controlled substances will depend on the totality of
 the circumstances.

Id. at 34, 442 S.E.2d at 30.

 Our Supreme Court then cites, with approval, a decision from our Court as an

example where the evidence found in a vehicle during a single stop was sufficient to

establish that the vehicle was being kept for the sale of marijuana. “Where, for

example, the defendant, found with twelve envelopes containing marijuana in his

vehicle, together with more than four hundred dollars, admits to selling
 STATE V. DUNSTON

 DILLON, J., concurring

marijuana . . . then defendant may be convicted of maintaining a vehicle . . . used for

or selling a controlled substance. Id. at 34, 442 S.E.2d at 30-31 (citing State v. Bright,

78 N.C. App. 239, 240, 337 S.E.2d 87, 87-88 (1985)). Our Supreme Court then stated

that, by contrast, “where the State has merely shown that the defendant had two

bags of marijuana while in his car, that his car contained a marijuana cigarette the

following day, and that his home contained marijuana and drug paraphernalia, the

State has not shown that the vehicle was used for selling or keeping a controlled

substance.” Id. at 34, 442 S.E.2d at 31.

 The evidence in the present case is much more like the evidence discovered in

the Bright case. Here, as noted in the majority opinion, there was evidence of a drug

transaction from the vehicle and the discovery of marijuana, a trafficking quantity of

heroin, plastic baggies, two sets of digital scales, three cell phones, and $155 in cash.

 In conclusion, the State is not required to put forth evidence of two separate

drug transactions from a vehicle to get to the jury. The evidence found in a vehicle

from one encounter may be sufficient, as it was in Bright. I agree with the conclusion

reached in the majority opinion that the evidence in the present case was sufficient

to get to the jury.

 -2-
 No. COA16-1254 – State v. Dunston

 ZACHARY, Judge, dissenting.

 For the reasons that follow, I respectfully dissent and vote to reverse the trial

court’s denial of defendant’s motion to dismiss and to vacate defendant’s conviction

under N.C. Gen. Stat. § 90-108(a)(7).

 In order to prove a violation of N.C. Gen. Stat. § 90-108(a)(7), the State must

establish that the defendant kept or maintained a vehicle with the intent that it be

“used for the keeping or selling of” controlled substances. N.C. Gen. Stat. § 90-

108(a)(7) (2017) (emphasis added). Our Supreme Court has held that a conviction

under N.C. Gen. Stat. § 90-108(a)(7) requires evidence of intentional possession and

use of a vehicle for prohibited purposes “that occurs over a duration of time.” State v.

Mitchell, 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994). Absent an admission, proof of a

single incident is not sufficient to establish that one of the defendant’s purposes in

maintaining the vehicle involves the keeping and selling of narcotics. See Mitchell,

336 N.C. at 33, 442 S.E.2d at 30 (“[O]ur legislature [did not] intend[] to create a

separate crime simply because the controlled substance was temporarily in a

vehicle.”).

 As the majority correctly notes, “[t]he determination of whether a . . . place is

used for keeping or selling a controlled substance ‘will depend on the totality of the

circumstances.’ ” State v. Frazier, 142 N.C. App. 361, 366, 542 S.E.2d 682, 686 (2001)

(quoting Mitchell, 336 N.C. at 34, 442 S.E.2d at 30). It is evident that “the contents

of a vehicle are clearly relevant in determining its use,” although “its contents are not
 STATE V. DUNSTON

 ZACHARY, J., dissenting

dispositive when . . . they do not establish that the use of the vehicle was a prohibited

one.” Mitchell, 336 N.C. at 34, 442 S.E.2d at 30. The concurrence cites State v. Bright

for the principle that one instance of narcotics being sold from or found in a vehicle

may indeed satisfy the “totality of the circumstances” test for a felony conviction

under N.C. Gen. Stat. § 90-108(a)(7). State v. Bright, 78 N.C. App. 239, 337 S.E.2d 87

(1985). However, Bright is inapposite to a discussion of the issue at hand.

 For one, Bright touched only on the elements of the misdemeanor charge under

N.C. Gen. Stat. § 90-108—which does not require any showing of intent that the

vehicle be used for the keeping or sale of controlled substances—and not on the

different elements of the felony charge, which is the charge at issue here. Id.

Moreover, this Court in Bright did not address the number of incidents required for

a conviction under N.C. Gen. Stat. § 90-108(a)(7). Instead, the chief question in Bright

was whether a misdemeanor crime of “ ‘maintaining a motor [vehicle] to which

persons resorted to for the keeping or sale of marijuana’ exists.” Bright, 78 N.C. App.

at 241-42, 337 S.E.2d at 88 (quoting State v. Church, 73 N.C. App. 645, 327 S.E.2d 33

(1985)). This Court held that it did. Id. at 243, 337 S.E.2d at 89. In sum, Bright

involved a different offense, and did not speak to whether the felony charge, which

requires intent, could be established by only one incident.

 In addition, our Supreme Court in Mitchell did not cite Bright for the

proposition that one instance of drugs being found in a motor vehicle is enough to

 -2-
 STATE V. DUNSTON

 ZACHARY, J., dissenting

sustain a conviction under N.C. Gen. Stat. § 90-108(a)(7). Instead, Mitchell reiterated

the principle that “an individual within a vehicle possessed marijuana on one

occasion cannot establish that the vehicle is ‘used for keeping’ marijuana; nor can one

marijuana cigarette found within the car establish that element.” Mitchell, 336 N.C.

at 33, 442 S.E.2d at 30. Bright was simply cited as a contrasting example in which

the totality of the circumstances test had been met in a misdemeanor case, where

“the defendant, found with twelve envelopes containing marijuana in his vehicle,

together with more than four hundred dollars, admits to selling marijuana[.]” Id.

Notwithstanding the one example from Bright, the Supreme Court reversed the

defendant’s conviction under N.C. Gen. Stat. § 90-108(a)(7).

 Despite the precedent that Mitchell established, the majority relies on the

“totality of the circumstances” test in order to hold that, in appropriate

circumstances, a defendant may nonetheless be convicted under N.C. Gen. Stat. § 90-

108(a)(7) based upon a single instance of narcotics being sold from the defendant’s

vehicle. The majority asserts that a contrary view would improperly “establish[] a

bright-line rule whereby one incident of keeping or selling controlled substances is

insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a

controlled substance.” However, the “bright-line rule” to which the majority refers

has, indeed, been previously established by this Court. In State v. Lane, we followed

exactly that rule, which had been promulgated by an earlier case:

 -3-
 STATE V. DUNSTON

 ZACHARY, J., dissenting

 In State v. Dickerson, this Court held that one isolated
 incident of a defendant having been seated in a motor
 vehicle while selling a controlled substance is insufficient
 to warrant a charge to the jury of keeping or maintaining
 a motor vehicle for the sale and/or delivery of that
 substance. State v. Dickerson, 152 N.C. App. 714, 716, 568
 S.E.2d 281, 282 (2002). This Court reasoned:

 Pursuant to N.C. Gen. Stat. § 90-108(a)(7), it is illegal to
 “knowingly keep or maintain any . . . vehicle . . . which is
 used for the keeping or selling of [controlled substances].”
 The statute thus prohibits the keeping or maintaining of a
 vehicle only when it is used for “keeping or selling”
 controlled substances. As stated by our Supreme Court in
 State v. Mitchell, the word “keep . . . denotes not just
 possession, but possession that occurs over a duration of
 time.” Thus, the fact “that an individual within a vehicle
 possesses marijuana on one occasion cannot establish . . .
 the vehicle is ‘used for keeping’ marijuana; nor can one
 marijuana cigarette found within the car establish that
 element.” Likewise, the fact that a defendant was in his
 vehicle on one occasion when he sold a controlled substance
 does not by itself demonstrate the vehicle was kept or
 maintained to sell a controlled substance.

 Id. (quoting N.C.G.S. § 90-108(a)(7) (2001) and State v.
 Mitchell, 336 N.C. 22, 32-33, 442 S.E.2d 24, 30 (1994))
 (alteration in original). The evidence in the case before us
 does not indicate possession of cocaine in the vehicle that
 occurred over a duration of time, nor is there evidence that
 defendant had used the vehicle on a prior occasion to sell
 cocaine. We therefore agree with defendant that his motion
 to dismiss should have been granted.

State v. Lane, 163 N.C. App. 495, 499-500, 594 S.E.2d 107, 110-111 (2004) (emphasis

added). It is axiomatic that “[w]here a panel of the Court of Appeals has decided the

same issue, albeit in a different case, a subsequent panel of the same court is bound

 -4-
 STATE V. DUNSTON

 ZACHARY, J., dissenting

by that precedent, unless it has been overturned by a higher court.” In re Appeal from

Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted).

 The present case is functionally indistinguishable not just from Mitchell, but

from both Lane and Dickerson as well. The circumstances upon which the majority

bases its holding are features of the single incident, with the sole exception of a

witness’s generalized, undefined reference to defendant’s “lifestyle.” Absent from the

record is any evidence which would indicate that defendant kept or sold controlled

substances in the vehicle “over a duration of time[,]” Lane, 163 N.C. App. at 500, 594

S.E.2d at 111, or on more than one occasion. Instead, the State’s evidence establishes

only that narcotics were present in defendant’s vehicle for a few hours on 6 September

2013. The officers found no residue or remnants suggesting the prior presence of

narcotics in the vehicle, or any storage or hiding compartments suggesting that

narcotics had been kept in the vehicle in the past. See Lane, 163 N.C. App. at 500,

594 S.E.2d at 111 (A conviction under N.C. Gen. Stat. § 90-108(a)(7) may be sustained

where there is evidence “that [the] defendant had used the vehicle on a prior occasion

to sell” or keep narcotics.). There is no record of defendant ever having previously

been charged with, or convicted of, keeping or selling narcotics in his vehicle. Id.

Moreover, in the instant case, defendant did not admit to selling drugs. See Bright,

78 N.C. App. at 240, 337 S.E.2d at 87. While “[t]he evidence, including defendant’s

actions [and] the contents of his car . . . are entirely consistent with drug use, or with

 -5-
 STATE V. DUNSTON

 ZACHARY, J., dissenting

the sale of drugs generally,” that alone is not enough to “implicate [his] car with the

sale of drugs.” Mitchell, 336 N.C. at 33, 442 S.E.2d at 30 (emphasis added).

 In this case, the totality of the circumstances—including the ambiguous,

unexplained reference to defendant’s “lifestyle”—show only that defendant was found

with narcotics in his vehicle on one occasion. Thus, all this Court has before us is one

isolated incident. Without something else, I do not believe this one instance raises

more than a mere “suspicion or conjecture” that defendant’s purpose in maintaining

the vehicle was for the keeping or selling of narcotics. State v. Alston, 310 N.C. 399,

404, 312 S.E.2d 470, 473 (1984). Accordingly, I respectfully dissent.

 -6-