DILLON, Judge, concurring.
I fully concur in the majority opinion. I write separately to expound on portions of our Supreme Court's decision in State v. Mitchell , 336 N.C. 22, 442 S.E.2d 24 (1994), which I believe address the concerns of the dissenting opinion.
The dissenting opinion correctly points out that evidence of a single drug transaction from a vehicle, by itself, will not sustain a conviction for keeping a vehicle for the sale of illegal drugs. However, it is not imperative that the State in every case put forth evidence of drug activity from the vehicle at two different points in time to get to the jury. Rather, evidence found in a vehicle by police in a single encounter may be sufficient to get to the jury where warranted by the totality of the circumstances:
*700 Although the contents of a vehicle are clearly relevant in determining [the vehicle's] use, its contents are not dispositive when, as here, they do not establish that the use of the vehicle was a prohibited one. The determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances.
Id. at 34, 442 S.E.2d at 30.
Our Supreme Court then cites, with approval, a decision from our Court as an example where the evidence found in a vehicle during a single stop was sufficient to establish that the vehicle was being kept for the sale of marijuana. "Where, for example, the defendant, found with twelve envelopes containing marijuana in his vehicle, together with more than four hundred dollars, admits to selling marijuana ..." then defendant may be convicted of maintaining a vehicle ... used for *108 or selling a controlled substance. Id. at 34, 442 S.E.2d at 30-31 (citing State v. Bright , 78 N.C. App. 239, 240, 337 S.E.2d 87, 87-88 (1985) ). Our Supreme Court then stated that, by contrast, "where the State has merely shown that the defendant had two bags of marijuana while in his car, that his car contained a marijuana cigarette the following day, and that his home contained marijuana and drug paraphernalia, the State has not shown that the vehicle was used for selling or keeping a controlled substance." Id. at 34, 442 S.E.2d at 31.
The evidence in the present case is much more like the evidence discovered in the Bright case. Here, as noted in the majority opinion, there was evidence of a drug transaction from the vehicle and the discovery of marijuana, a trafficking quantity of heroin, plastic baggies, two sets of digital scales, three cell phones, and $155 in cash.
In conclusion, the State is not required to put forth evidence of two separate drug transactions from a vehicle to get to the jury. The evidence found in a vehicle from one encounter may be sufficient, as it was in Bright . I agree with the conclusion reached in the majority opinion that the evidence in the present case was sufficient to get to the jury.