ZACHARY, Judge, dissenting.
For the reasons that follow, I respectfully dissent and vote to reverse the trial court's denial of defendant's motion to dismiss and to vacate defendant's conviction under N.C. Gen. Stat. § 90-108(a)(7).
In order to prove a violation of N.C. Gen. Stat. § 90-108(a)(7), the State must establish that the defendant kept or maintained a vehicle with the intent that it be "used for the keeping or selling of" controlled substances. N.C. Gen. Stat. § 90-108(a)(7) (2017) (emphasis added). Our Supreme Court has held that a conviction under N.C. Gen. Stat. § 90-108(a)(7) requires evidence of intentional possession and use of a vehicle for prohibited purposes "that occurs over a duration of time." State v. Mitchell , 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994). Absent an admission, proof of a single incident is not sufficient to establish that one of the defendant's purposes in maintaining the vehicle involves the keeping and selling of narcotics. See Mitchell , 336 N.C. at 33, 442 S.E.2d at 30 ("[O]ur legislature [did not] intend[ ] to create a separate crime simply because the controlled substance was temporarily in a vehicle.").
As the majority correctly notes, "[t]he determination of whether a ... place is used for keeping or selling a controlled substance 'will depend on the totality of the circumstances.' "
*109 State v. Frazier , 142 N.C. App. 361, 366, 542 S.E.2d 682, 686 (2001) (quoting Mitchell , 336 N.C. at 34, 442 S.E.2d at 30 ). It is evident that "the contents of a vehicle are clearly relevant in determining its use," although "its contents are not dispositive when ... they do not establish that the use of the vehicle was a prohibited one." Mitchell , 336 N.C. at 34, 442 S.E.2d at 30. The concurrence cites State v. Bright for the principle that one instance of narcotics being sold from or found in a vehicle may indeed satisfy the "totality of the circumstances" test for a felony conviction under N.C. Gen. Stat. § 90-108(a)(7). State v. Bright , 78 N.C. App. 239, 337 S.E.2d 87 (1985). However, Bright is inapposite to a discussion of the issue at hand.
For one, Bright touched only on the elements of the misdemeanor charge under *701 N.C. Gen. Stat. § 90-108 -which does not require any showing of intent that the vehicle be used for the keeping or sale of controlled substances-and not on the different elements of the felony charge, which is the charge at issue here. Id. Moreover, this Court in Bright did not address the number of incidents required for a conviction under N.C. Gen. Stat. § 90-108(a)(7). Instead, the chief question in Bright was whether a misdemeanor crime of " 'maintaining a motor [vehicle] to which persons resorted to for the keeping or sale of marijuana' exists." Bright , 78 N.C. App. at 241-42, 337 S.E.2d at 88 (quoting State v. Church , 73 N.C. App. 645, 327 S.E.2d 33 (1985) ). This Court held that it did. Id. at 243, 337 S.E.2d at 89. In sum, Bright involved a different offense, and did not speak to whether the felony charge, which requires intent, could be established by only one incident.
In addition, our Supreme Court in Mitchell did not cite Bright for the proposition that one instance of drugs being found in a motor vehicle is enough to sustain a conviction under N.C. Gen. Stat. § 90-108(a)(7). Instead, Mitchell reiterated the principle that "an individual within a vehicle possessed marijuana on one occasion cannot establish that the vehicle is 'used for keeping' marijuana; nor can one marijuana cigarette found within the car establish that element." Mitchell , 336 N.C. at 33, 442 S.E.2d at 30. Bright was simply cited as a contrasting example in which the totality of the circumstances test had been met in a misdemeanor case, where "the defendant, found with twelve envelopes containing marijuana in his vehicle, together with more than four hundred dollars, admits to selling marijuana[.]" Id. Notwithstanding the one example from Bright , the Supreme Court reversed the defendant's conviction under N.C. Gen. Stat. § 90-108(a)(7).
Despite the precedent that Mitchell established, the majority relies on the "totality of the circumstances" test in order to hold that, in *110 appropriate circumstances, a defendant may nonetheless be convicted under N.C. Gen. Stat. § 90-108(a)(7) based upon a single instance of narcotics being sold from the defendant's vehicle. The majority asserts that a contrary view would improperly "establish[ ] a bright-line rule whereby one incident of keeping or selling controlled substances is insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a controlled substance." However, the "bright-line rule" to which the majority refers has, indeed, been previously established by this Court. In State v. Lane , we followed exactly that rule, which had been promulgated by an earlier case:
In State v. Dickerson , this Court held that one isolated incident of a defendant having been seated in a motor vehicle while selling a controlled substance is insufficient to warrant a charge to the jury of keeping or maintaining a motor vehicle for the sale and/or delivery of that substance. State v. Dickerson , 152 N.C. App. 714, 716, 568 S.E.2d 281, 282 (2002). This Court reasoned:
Pursuant to N.C. Gen. Stat. § 90-108(a)(7), it is illegal to "knowingly keep or maintain any ... vehicle ... which is used for the keeping or selling of [controlled substances]." The statute thus prohibits the keeping or maintaining of a vehicle only when it is used for "keeping or selling" controlled substances. As stated by our Supreme Court in State v. Mitchell , the word "keep ... denotes not just possession, but possession that occurs over a duration of time." Thus, the fact "that an individual within a vehicle possesses marijuana on one occasion cannot establish ... the vehicle is 'used for keeping' marijuana; nor can one marijuana cigarette found within the car establish that element." Likewise, the fact that a defendant was in his vehicle on one occasion when he sold a controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance .
Id. (quoting N.C.G.S. § 90-108(a)(7) (2001) and State v. Mitchell , 336 N.C. 22, 32-33, 442 S.E.2d 24, 30 (1994) ) (alteration in original). The evidence in the case before us does not indicate possession of cocaine in the vehicle that occurred over a duration of time, nor is there evidence that defendant had used the vehicle on a prior occasion to sell cocaine. We therefore agree with defendant that his motion to dismiss should have been granted.
*702 *111 State v. Lane , 163 N.C. App. 495, 499-500, 594 S.E.2d 107, 110-111 (2004) (emphasis added). It is axiomatic that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." In re Appeal from Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted).
The present case is functionally indistinguishable not just from Mitchell , but from both Lane and Dickerson as well. The circumstances upon which the majority bases its holding are features of the single incident, with the sole exception of a witness's generalized, undefined reference to defendant's "lifestyle." Absent from the record is any evidence which would indicate that defendant kept or sold controlled substances in the vehicle "over a duration of time[,]" Lane , 163 N.C. App. at 500, 594 S.E.2d at 111, or on more than one occasion. Instead, the State's evidence establishes only that narcotics were present in defendant's vehicle for a few hours on 6 September 2013. The officers found no residue or remnants suggesting the prior presence of narcotics in the vehicle, or any storage or hiding compartments suggesting that narcotics had been kept in the vehicle in the past. See Lane , 163 N.C. App. at 500, 594 S.E.2d at 111 (A conviction under N.C. Gen. Stat. § 90-108(a)(7) may be sustained where there is evidence "that [the] defendant had used the vehicle on a prior occasion to sell" or keep narcotics.). There is no record of defendant ever having previously been charged with, or convicted of, keeping or selling narcotics in his vehicle. Id. Moreover, in the instant case, defendant did not admit to selling drugs. See Bright , 78 N.C. App. at 240, 337 S.E.2d at 87. While "[t]he evidence, including defendant's actions [and] the contents of his car ... are entirely consistent with drug use, or with the sale of drugs generally," that alone is not enough to "implicate [his] car with the sale of drugs." Mitchell , 336 N.C. at 33, 442 S.E.2d at 30 (emphasis added).
In this case, the totality of the circumstances-including the ambiguous, unexplained reference to defendant's "lifestyle"-show only that defendant was found with narcotics in his vehicle on one occasion. Thus, all this Court has before us is one isolated incident. Without something else, I do not believe this one instance raises more than a mere "suspicion or conjecture" that defendant's purpose in maintaining the vehicle was for the keeping or selling of narcotics. State v. Alston , 310 N.C. 399, 404, 312 S.E.2d 470, 473 (1984). Accordingly, I respectfully dissent.